Complainant and defendant were married in Canada in 1906. An anti-nuptial agreement was entered into providing as follows:
"4o. The said future wife, by these presents, renounces for herself and her children to all or any dower either customary or prefix.
"5o. In consideration of the aforesaid renunciation to dower from the said future wife the said future husband hereby constitutes in favor of the said future wife, accepting continually and properly, rent of three hundred dollars a year payable by equal monthly consecutive payments of twenty-five dollars each, the first payment whereof to become due and payable one month after the celebration *Page 213 
of the said intended marriage and the other at the same date on each following month and without interest during delay."
Subsequently the parties separated and defendant came to Bergen county, New Jersey, and there purchased a piece of property. In 1929, during the absence of defendant, a writ of attachment was issued out of the Bergen county circuit court, an auditor was appointed and reported, and judgment was entered upon the auditor's report in the sum of $6,700. The report was confirmed and the auditor sold the premises. On January 7th, 1930, the circuit court of Bergen county vacated the judgment on the ground that it was improvidently made. It is obvious that the court had no jurisdiction over an action between husband and wife. On March 13th, 1930, an order of the circuit court was entered, transferring the cause to the court of chancery. Without notice to defendant and without the filing of any bill of complaint or other pleadings in this court, an order was entered to take proofs ex parte as to complainant's claim; this was done, a report was made by a special master and a decree entered that a lien be impressed on the land of defendant in the sum of $7,200. This decree directed a special master to sell the property to satisfy the lien. It was by notice of sale published in a local newspaper that defendant, who was living on the premises, for the first time learned that a sale was to be made.
On application of the defendant an order was issued requiring the complainant to show cause why the decree should not be opened and the defendant permitted to appear and answer any bill of complaint that might be ordered to be filed by the complainant. The sale has been restrained upon the giving of a bond by defendant in the sum of $10,000.
Defendant asserts that he has a good defense on the merits to any claim that his wife may have against him, as he claims that the anti-nuptial agreement was satisfied by a certain payment made by him to his wife, and further that the agreement was abandoned by the parties.
Whether these defenses be sound or not, it seems clear that the defendant should have an opportunity to be heard on them. The proper practice on a removal of a cause from the *Page 214 
court of law to the court of chancery is to bring on the hearing in this court on appropriate pleadings. Bohm v. Hansmann,96 N.J. Eq. 73.
No bill of complaint was ever filed in this court, nor was defendant ever notified of any proceedings in this court. An action was instituted in the court of law, which had no jurisdiction of the parties, and a writ of attachment issued, which is purely a statutory legal remedy. At the time of transfer defendant was a resident and in actual occupation of the premises, yet no notice was given him of the transfer or of any proceeding in this court until he learned of the proposed sale.
The principles applicable here seem to be those laid down inBuckley v. Perrine, 54 N.J. Eq. 285 (at p. 297), as follows:
"For aught that appears to the contrary, the respondents were in utter ignorance of the order of reference. They had no notice of the application for it. They did not, after it was made, in any manner assent to proceed in chancery under it. They have never been brought into the court of chancery by notice or process of any kind. The court had jurisdiction of the issues between the parties, it is true, and its order of reference expressed its willingness to proceed with the determination of those issues, but the order was had without the assent of the respondents, and did not give the court of chancery jurisdiction over them. The court lacked jurisdiction of those parties, which, beyond all question, was necessary to the validity of the orders and decree complained of. In absence of it, the orders and decree must be held to be without force, and for that reason, so far as they purport to be proceedings of this court, they will be set aside."
An order will be advised vacating the decree entered herein and directing that complainant file an appropriate bill of complaint to which defendant may file an answer. *Page 215